UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISMAEL ALEJANDRO SUAREZ-ROMERO,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2230

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.2.) In an order entered on August 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of July 1, 2026, bond hearing on August 11, 2026, (ECF No. 5; Recording of July 1, 2026, Bond Hearing, filed on Aug. 11, 2026), and Petitioner filed his reply on August 13, 2026, (ECF No. 7).

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2021. *Suarez-Romero I*, No. 1:26-cv-1550 (W.D. Mich.), (Form I-589 Application, ECF No. 1-7, PageID.33). On December 20, 2025, Petitioner was arrested by ICE. *Suarez-Romero I*, (Pet., ECF No. 1, PageID.5).

On May 11, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Suarez-Romero v. Raycraft* (*Suarez-Romero I*), No. 1:26-cv-1550 (W.D. Mich.). In *Suarez-Romero I*, the Court dismissed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, without prejudice for failure to exhaust his administrative remedies before filing suit. Op. & Jud., *Suarez-Romero I*, (W.D. Mich. May. 29, 2026), (ECF Nos. 6, 7).

On July 1, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order Immigration Judge, ECF No. 5-1, PageID.213.) At that hearing, Petitioner argued that he was not a danger to the community or a flight risk because he had no criminal record, employed, had a stable address, and had many ties to his community. (Recording of July 1, 2026, Bond Hearing at *passim*, filed on Aug. 11, 2026.) At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond in a written order stating: "Respondent has a pending removal order (on appeal). Respondent is a flight risk." (Order Immigration Judge, ECF No. 5-1, PageID.213.)

## III. Analysis

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on July 1,

2026. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 1, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge